**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Chester B. Davis, Sr.,<br><br>                      Debtor. | <u>**NOT FOR PUBLICATION**</u><br><br>Chapter 7<br><br>Case No. 23-11475 (JPM) |

**<u>MEMORANDUM OPINION AND ORDER GRANTING</u>**
**<u>MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>**

*A P P E A R A N C E S:*

**CHESTER B. DAVIS, SR.**
*Pro Se*
203 West 137 Street, Garden Level
New York, NY 10030

**PINCUS LAW GROUP, PLLC**
*Counsel for NewRez LLC*
425 RXR Plaza
Uniondale, New York 11556
By:    Sherri J. Smith, Esq.

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

**I.    INTRODUCTION**

Pending before the Court is NewRez LLC d/b/a Shellpoint Mortgage Servicing's ("**NewRez**") *Motion for Relief from Automatic Stay* (the "**Motion**"). (Docket No. 24).[1] The Motion seeks to lift the automatic stay pursuant to Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code to permit NewRez to exercise its rights and remedies with respect to certain collateral known as 203 West 137th Street, New York, NY 10030 (the "**Property**").

The Court held a hearing on the Motion on December 14, 2023, where it heard arguments of the parties and gave Chester B. Davis, Sr., *pro se*, (the "**Debtor**") until December 22, 2023 to file a response to the Motion.

Accordingly, on December 21, 2023, the Debtor filed the *Affidavit in Opposition to Motion for Relief from Automatic Stay* (the "**Objection**"). (Docket No. 28).

The Court has reviewed and considered the Motion, the Objection, the arguments of the parties, and all relevant material on the record.

**II.    JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G).

**III.    BACKGROUND**

On September 11, 2023, the Debtor filed the above-captioned case under Chapter 13 of the Bankruptcy Code.[2] (*See* Docket No. 1). The Debtor voluntarily converted this case to one

---

[1] References to "Docket No. __" are to filings entered on the docket of *In re Chester B. Davis, Sr.*, No. 23-11475 unless otherwise noted. References to "Bankruptcy Rule __" are to the Federal Rules of Bankruptcy Procedure.
[2] This action is the Debtor's second bankruptcy case filed since April 24, 2023 (the "**Prior Case**"). *See In re Chester B. Davis, Sr.*, Case No. 23-10620 (CGM) (Bankr. S.D.N.Y. April 24, 2023). The Prior Case was dismissed on July

under Chapter 7 on September 21, 2023. (*See* Docket No. 15). On September 23, 2023, the Debtor filed his schedules as required by the Bankruptcy Code. (Docket No. 23). In the Debtor's Schedule A/B, the Debtor disclosed his interest in the Property, which he listed as having a total value of $1,700,000. [3] (*Id.* at 3, 12).

The Property is secured by a mortgage (the "**Mortgage**") held by NewRez. (Motion ¶¶ 1, 3, 7). According to NewRez, the Debtor's outstanding balance on the Mortgage is $2,691,944.49 as of October 30, 2023. (*Id.* at ¶ 15). In conjunction with this Motion, NewRez obtained a broker's price opinion (the "**Appraisal**") (Docket No. 24-7) valuing the Property at $1,300,000. (Motion ¶ 16; Docket No. 24-7 at 4). Moreover, according to NewRez, the Debtor has not made a payment from April 1, 2009, through October 30, 2023. (Motion ¶ 20).

By way of the Motion, NewRez seeks an order lifting the automatic stay pursuant to Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code. (*See generally id.*). NewRez proffers two arguments in support of lifting the stay. First, NewRez claims that the Debtor's failure to make monthly payments to NewRez establishes sufficient cause to grant it relief from the automatic stay under Section 362(d)(1). (*Id.* at ¶¶ 14–18). Second, NewRez argues that the stay must be lifted under Section 362(d)(2) because the Debtor has no equity in the Property and the Property is not necessary to an effective reorganization (*Id.* at ¶¶ 19–20). In addition, NewRez seeks an award of $550 in reasonable attorney's fees and $188 for the filing fee for prosecuting the Motion. (*Id.* at ¶ 21.)

---

11, 2023, due to the Debtor's failure to file certain information required by the Bankruptcy Code pursuant to 11 U.S.C. § 521(i)(1). (Prior Case, Docket No. 22).

[3] The Court notes that in the Debtor's Official Form 106Sum (the "**Summary of Assets**"), the Debtor listed the value of his real estate as $2,660,000. (*Id.* at 1). However, the Summary of Assets is based on the values listed in Schedule A/B. (*Id.* ("Copy line 55, Total real estate, from Schedule A/B")). As stated above, Schedule A/B lists the value of the Debtor's real property as $1,700,000. (*Id.* at 3, 12). Accordingly, the Court assumes that the $2,660,000 figure listed in the Summary of Assets is a scrivener's error.

3

In response, the Debtor generally asserts that: (i) the Motion was not properly served (Objection at ¶ 12); (ii) the documents offered by NewRez are not admissible because NewRez has not attached an affidavit from a person with knowledge of the facts contained in the documents, and because the documents are otherwise inadmissible hearsay (*Id.* at ¶¶ 13–14); (iii) the Appraisal is outdated because it is more than 90 days old (*Id.* at ¶ 15); and (iv) NewRez has not shown entitlement to fees and costs for bringing the Motion (*Id.* at ¶ 16).

IV. **LEGAL STANDARDS AND DISCUSSION**

    A. **THE AUTOMATIC STAY IS NOT CURRENTLY IN EFFECT PURSUANT TO 11 U.S.C. § 362(C)(3)**

Preliminarily, the Court notes that although this issue was not raised in the Motion, the automatic stay does not appear to currently be in effect. Pursuant to Section 362(c)(3)(A) of the Bankruptcy Code, "the automatic stay protecting the debtor's assets, which comes into being when a petition is filed, terminates after thirty days if 'a single or joint [bankruptcy] case of the debtor was pending within the preceding 1-year period but was dismissed.'" *In re Zarnel*, 619 F.3d 156, 163 (2d Cir. 2010); *see* 11 U.S.C. § 362(c)(3)(A).

Here, the Debtor filed the Prior Case on April 24, 2023, and the Prior Case was dismissed on July 11, 2023. (Prior Case, Docket No. 22). The instant case was filed on September 11, 2023. (Docket No. 1). Accordingly, the Debtor had a prior case pending within the preceding 1-year period that was dismissed.

Further, as this case was filed on September 11, 2023, more than 30 days have passed since the case was filed. (*See* Docket No. 1). While Section 362(c)(3)(B) of the Bankruptcy Code provides that a party in interest may file a motion for "continuation of the automatic stay . . . after notice and a hearing completed before the expiration of the 30-day period," no such motion has been filed here. *See* 11 U.S.C. § 362(c)(3)(B).

4

Accordingly, the automatic stay is not currently in effect pursuant to Section 362(c)(3)(A) of the Bankruptcy Code. 11 U.S.C. § 362(c)(3)(A); *see In re Zarnel*, 619 F.3d at 163; *In re Bronson*, No. 17-11375 (CGM), 2017 WL 3037449, at *1 (Bankr. S.D.N.Y. July 17, 2017) (granting motion for stay relief because it was "the second filing within one year and no motion to extend the stay ha[d] been made").

B. **CAUSE EXISTS TO LIFT THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)**

Even if the automatic stay was in effect, the Court finds there is cause to lift the stay pursuant to Section 362(d) of the Bankruptcy Code.

1. **Relief From the Automatic Stay Under 11 U.S.C. § 362(d)(1)**

NewRez first argues that the automatic stay should be lifted for cause pursuant to Section 362(d)(1) of the Bankruptcy Code. (Motion ¶¶ 19–20).

Section 362(d)(1) provides that relief from the automatic stay shall be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Although "cause" is not defined by the Bankruptcy Code, courts have held that "[a] debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay." *In re Fennell*, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012); *see also In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) (noting that failure to make regular mortgage payments as they become due constitutes cause, particularly "where a debtor lacks the willingness; the current means; or a realistic, near-present ability to make contractual payments to the secured creditor").

According to NewRez, the Debtor has not made a payment since April 1, 2009. (Motion ¶ 20). The Debtor has not offered any evidence to dispute this assertion. Such lack of payment thus constitutes cause under Section 362(d)(1) of the Bankruptcy Code. *See In re O'Farrill*, 569 B.R.

5

586, 592 (Bankr. S.D.N.Y. 2017) (finding cause for stay relief under Section 362(d)(1) of the Bankruptcy Code because "the Debtor has consistently failed to make payments on the Consolidated Note, and has demonstrated no intention of making payments in the future").

## 2. Relief From the Automatic Stay Under 11 U.S.C. § 362(d)(2)

NewRez also requests stay relief pursuant to Section 362(d)(2) of the Bankruptcy Code. (Motion at ¶¶ 1, 18). Section 362(d)(2) of the Bankruptcy Code provides that the court shall grant relief from the automatic stay with respect to property of the estate if the debtor does not have equity in such property and such property is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2).

NewRez alleges the Property is only worth $1,300,000, while the outstanding balance on the debt is $2,691,944.49. (Motion ¶¶ 15–16; Docket No. 24-7 at 4). In response, the Debtor contends that the documents offered by NewRez are not admissible because NewRez has not attached an affidavit from a person with knowledge of the facts contained in the documents, and because the documents are otherwise inadmissible hearsay. (Objection ¶¶ 13–14). The Debtor also argues that the Appraisal is outdated because it is more than 90 days old (*Id.* at ¶ 15).

Here, the Court finds that the Debtor does not have any equity in the Property. Even if the Court were to agree with the Debtor that NewRez's Appraisal is inadmissible and otherwise outdated, the Debtor's own valuation is insufficient to establish an equity cushion given the Debtor's arrears.[4] The Debtor has also not challenged the amount of the alleged arrears.

Moreover, the Court finds that the Property is not necessary to an effective reorganization because the Debtor is in a Chapter 7 case and is therefore not seeking a reorganization. *See In re*

---

[4] As noted previously, there is some uncertainty regarding whether the Debtor asserts the value of the Property is $2,660,000 or $1,700,000. (*See* discussion *supra* n.3). However, even if the higher value is used, the Property value would be below the outstanding balance on the debt of $2,691,944.49 that is alleged by NewRez. (Motion ¶ 15; Docket No. 24-7 at 4).

6

*Ehrenfeld*, No. 19-CV-8718 (RA), 2020 WL 5758819, at *4 (S.D.N.Y. Sept. 28, 2020) (citing *In re DBSD N. Am., Inc.*, 634 F.3d 79, 98 (2d Cir. 2010)) (noting that "because [the Debtor] is seeking Chapter 7 bankruptcy, he seeks liquidation of his estate, not reorganization").

Accordingly, the Court finds that cause also exists to lift the automatic stay pursuant to Section 362(d)(2) of the Bankruptcy Code.

### C. NEWREZ HAS NOT SHOWN THAT IT IS ENTITLED TO ATTORNEY'S FEES AND COSTS

Finally, NewRez also requests $550.00 in reasonable attorney's fees and $188.00 for the filing fee necessary to bring the Motion. (Motion ¶ 21). In response, the Debtor argues that NewRez may not seek such relief because it would create an inconsistency between Sections 362(d)(2) and 506(b) of the Bankruptcy Code.[5] (Objection ¶ 16).

Pursuant to Section 506(b) of the Bankruptcy Code, a secured creditor is only entitled to post-petition interest, fees, costs, and charges "to the extent the value of the property securing the creditor's claim is greater than the amount of the creditor's claim." *In re Residential Cap.*, LLC, 501 B.R. 549, 597–98 (Bankr. S.D.N.Y. 2013).

The Court has already found that the Debtor has no equity in the property. NewRez is thus undersecured and not entitled to the fees and costs expended in conjunction with bringing this Motion. *See In re Vest Assocs.*, 217 B.R. 696, 699 (Bankr. S.D.N.Y. 1998) (finding that a creditor may receive reasonable fees and costs only to the "extent that an allowed claim is *oversecured*") (emphasis added). NewRez has not cited any contrary law to show it is entitled to such relief.

---

[5] Although Debtor cites Section 362(a)(d)(2), that section does not exist under the Bankruptcy Code. The Court will assume the Debtor intends to refer to Section 362(d)(2).

7

Accordingly, NewRez's request for attorney's fees and the filing fee is denied.

## V. CONCLUSION

For the foregoing reasons the Motion is GRANTED as set forth herein.

**It is SO ORDERED.**

Dated: February 6, 2024
New York, New York

_/S/ John P. Mastando III_
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE
